# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60547
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2020

Lyle W. Cayce
Clerk

JOHN C. HELMERT, JR.,

      Plaintiff - Appellant

v.

CENLAR FSB; NATIONSTAR MORTGAGE, L.L.C.,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:18-CV-194

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

      Appellant John C. Helmert Jr. appeals the district court's dismissal of his Mississippi state law claims of wrongful foreclosure and negligence against Appellees Cenlar FSB and Nationstar Mortgage, LLC.  We AFFIRM the district court's judgment.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60547

## I.    Background

On June 24, 2003, Helmert and his then wife purchased a home in Lafayette County, Mississippi.  On or about April 17, 2006, the Helmerts refinanced their loan and granted a deed of trust (the "Deed") to Merchants & Farmers Bank,[1] which then assigned the Deed to Taylor, Bean & Whitaker Mortgage Corporation.  On June 3, 2013, Taylor, Bean & Whitaker assigned the Deed to Cenlar.  The person who signed the assignment lacked authority to act on behalf of Taylor, Bean & Whitaker because he was a Cenlar employee. On February 6, 2014, Cenlar assigned the Deed to Nationstar.  The Deed was recorded in the land records with the Office of the Chancery Clerk of Lafayette County.   On June 10, 2014, Nationstar appointed a substitute trustee. Helmert defaulted on the indebtedness secured by the Deed, and the substitute trustee foreclosed on Helmert's home on August 21, 2014.

On October 26, 2015, the Deed from Taylor, Bean & Whitaker to Cenlar was corrected (the "Corrected Deed").  That same day, Cenlar assigned the Corrected Deed to Nationstar.  On December 9, 2016, the substitute trustee for Nationstar rescinded the initial foreclosure sale, and Nationstar conducted another foreclosure sale.

On May 9, 2018, Helmert sued Cenlar and Nationstar in Mississippi state court for wrongful foreclosure, negligence, fraud, and improperly issuing two 1099-A tax forms.  Cenlar timely removed the action to federal district court on diversity grounds.  Both Nationstar and Cenlar then moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief may be granted. The district court granted the motions to dismiss, holding that Helmert had failed to state claims for wrongful foreclosure,

---

[1] The parties misidentified the bank as "Merchant and Farmers Bank."

No. 19-60547

negligence, fraud, and improper issuance of the 1099-A forms.  Helmert timely appealed.

## II.    Jurisdiction and Standard of Review

The district court had diversity jurisdiction under 28 U.S.C. § 1332. Helmert is a Mississippi citizen who sought monetary relief exceeding $75,000. Cenlar is a foreign corporation with its principal place of business in New Jersey.  Nationstar is a Delaware limited liability company with no members who are residents of Mississippi.  We have jurisdiction over the appeal under 28 U.S.C. § 1291.

We review a district court's Rule 12(b)(6) dismissal de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[]."  *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc).  A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," which requires "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (first quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  When reviewing a district court's Rule 12(b)(6) dismissal, "[w]e may affirm for reasons other than those relied upon by the district court."  *LLEH, Inc. v. Wichita Cty.*, 289 F.3d 358, 364 (5th Cir. 2002) (brackets omitted).

## III.    Discussion

In district court, Helmert alleged that "Cenlar negligently and/or fraudulently assigned the [Deed] to Defendant Nationstar" and that "Nationstar then wrongfully foreclosed upon [his] home despite not having valid authority to do so."  The district court held that as a non-party to the assignment of the Deed, Helmert lacked standing on his wrongful-foreclosure claim because the conveyances, if fraudulent, were voidable.  The court also

held that Helmert had failed to state a claim for fraud. Regarding Nationstar's alleged negligence and wrongful foreclosure, the district court held that Helmert had failed to state claims upon which relief could be granted because Helmert had conceded that he was in default and Nationstar thereby had a right to foreclose.

On appeal, Helmert challenges the district court's dismissal of his wrongful-foreclosure and negligence claims only and thereby waives any appeal of his fraud claim. *See United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008). In this diversity case, Mississippi substantive law applies. *See Nat'l Liab. & Fire Ins. Co. v. R & R Marine, Inc.*, 756 F.3d 825, 834 (5th Cir. 2014). Mississippi state law recognizes a fraudulent, but not a negligent, conveyance claim. *See Neel v. Fannie Mae*, 2014 WL 896754, at \*10 n.4 (S.D. Miss. Mar. 6, 2014). Indeed, Helmert does not cite any court decision recognizing a claim for negligent conveyance. In diversity cases, we will not "impose upon Mississippi a new regime of liability." *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 519 (5th Cir. 2018). Thus, Helmert failed to state a claim against Cenlar for negligently conveying the Deed. Because Helmert did not raise his fraudulent-conveyance claim on appeal, Helmert has no claim against Cenlar.

Under Mississippi law, a mortgagor may recover damages for wrongful foreclosure "where an unlawful foreclosure is attempted solely from a malicious desire to injure the mortgagor[] or . . . where the foreclosure is conducted negligently or in bad faith, to his detriment." *Nat'l Mortg. Co. v. Williams*, 357 So. 2d 934, 935–36 (Miss. 1978). Helmert claims that Nationstar negligently foreclosed on his property because Nationstar lacked a valid assignment of the Deed. However, Helmert never contests that he defaulted on his loan. Mississippi case law holds that when an obligor defaults, the trustee of a deed may foreclose, and the obligor lacks standing to pursue a

wrongful-foreclosure claim.[2]  *Peoples Bank & Tr. Co. v. L & T Devs., Inc.*, 434 So. 2d 699, 708 (Miss.), *judgment corrected*, 437 So. 2d 7 (Miss. 1983); *accord Patton v. Am. Home Mortg. Servicing, Inc.*, 2013 WL 1310560, at *2 (S.D. Miss. Mar. 28, 2013) (holding that an obligor lacked standing to pursue her state law claim for wrongful foreclosure "because she admittedly defaulted on the Note and foreclosure was authorized by the Deed of Trust, regardless of who held the Note").  Because Helmert defaulted on the Deed, he lacks standing to assert negligence and wrongful foreclosure claims against Nationstar.

## IV.    Conclusion

For the foregoing reasons, we AFFIRM the district court's dismissal of Helmert's claims.

---

[2] Helmert asks us to apply our precedent from *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220 (5th Cir. 2013).  However, *Reinagel* was based on Texas law.  *Id.* at 224–25.  It thus does not govern our analysis in this case.